IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO GARCIA LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1345 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner, Alejandro Garcia Lopez, brings this application for habeas corpus relief under 28 U.S.C. § 2254. The Petitioner is in the custody of the Texas Department of Criminal Justice serving a sentence for a DWI conviction. Petitioner does not contest the constitutionality of his state court conviction. Petitioner challenges on due process grounds the decision of the Texas Board of Pardons and Paroles (Board) to deny him parole release.

Petitioner's assertions follow. The Board denied parole based on "false accusations" and "shaky grounds." These include allegations that Petitioner is involved in gang activity or organized crime; Petitioner has a predisposition to commit criminal acts when released; and Petitioner used, possessed, and delivered excessive drugs or alcohol. When Petitioner became eligible a second time, the Board used the same reasons for its denial. The Board has denied other inmates parole six times, using the

same information each time. Petitioner also claims a due process violation based on the Board notifying him of its decision by using a piece of paper with false accusations on it. This Court notes that in one place in his pleadings he refers to mandatory supervision release, but otherwise he consistently mentions parole release.

A prisoner's due process rights apply only to certain liberty interests, including those which a state may create. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). An inmate has no constitutional right to be released prior to the expiration of his sentence. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Whether a prisoner has a constitutionally protected interest in being paroled depends on the language of the state statute in question, and the mere possibility that he might be released on parole does not itself suffice to create such an interest. *See id.*, at 10-11. The Texas parole statute, article 42.12, TEX. CODE CRIM. PROC. (Vernon 1979), now codified at TEX. GOV'T CODE § 508.141, 508.144, 508.145 (Vernon Supp. 2000), did not create a constitutionally protected expectancy of release. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981). The Texas Legislature has amended the parole statute. However, in its current form, the statute contains similar language which does not create a constitutionally protected expectancy of release. More recently, the United States Court of Appeals for the Fifth Circuit has held that Texas statutes do not create a liberty

interest in parole release. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). Therefore, Petitioner has no liberty interest protected by the Due Process Clause. *Sandin*, 515 U.S. at 486.

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Accordingly, it is ORDERED that this action be DISMISSED for failure to state a claim upon which relief may be granted and as frivolous. Petitioner's Application to Proceed *in Forma Pauperis* (Docket Entry No. 2) is GRANTED.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 26th day of April, 2006.

_____

DAVID HITTNER

United States District Judge